```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BRIAN L. LEGG, d/b/a LEGG'S
DIAMONDS, et al.,

                    Plaintiffs,              6:11-cv-1315
                                             (GLS/ATB)
              v.

CITY OF ROME et al.,

                    Defendants.
_____
APPEARANCES:                        OF COUNSEL:

FOR THE PLAINTIFFS:
Office of Brian J. Kellogg          BRIAN J. KELLOGG, ESQ.
901 East Brighton Avenue
Syracuse, NY 13205

FOR THE DEFENDANTS:
Office of Corporation Counsel -     GERARD F. FEENEY, II, ESQ.
City of Rome
198 North Washington Street
Rome City Hall
Rome, NY 13440

Gary L. Sharpe
Chief Judge
```

# MEMORANDUM-DECISION AND ORDER

## I. Introduction

Plaintiffs Brian L. Legg d/b/a Legg's Diamonds, and Legg Realty, LLC filed this action against defendants City of Rome and Officer Emily

Keller, pursuant to 42 U.S.C. § 1983, alleging claims arising under the Fourteenth Amendment, the New York State Constitution, and New York State common law.[1]  (*See* Compl., Dkt. No. 1.)  Pending is defendants' unopposed motion to dismiss for failure to prosecute.  (Dkt. No. 16.)  For the reasons that follow, defendants' motion is granted.

## II. Background

Plaintiffs commenced this action on November 4, 2011.[2]  (*See generally* Compl.)  After defendants joined issue, (Dkt. No. 4), the parties appeared before Judge Baxter for a Rule 16 conference.  On May 16, 2012, Judge Baxter issued a Uniform Pretrial Scheduling Order, setting December 31, 2012 as the discovery deadline.  (Dkt. No. 9 at 2.)

After the initial conference, plaintiffs' activity relative to this litigation dwindled significantly.  First, plaintiffs failed to serve their initial disclosures, despite several requests from defendants that plaintiffs serve them

---

[1] The New York State law claims include: violation of § 11, Art. I of the New York State Constitution; negligent hiring, training and supervision; assault and battery; negligence; false arrest and imprisonment; prima facie tort; and intentional infliction of emotional distress.  (Compl. §§ 17-39.)

[2] The court presumes the parties' familiarity with the underlying facts.  Inasmuch as those facts are immaterial to the resolution of the pending motion, they have been omitted.

promptly, and four court orders directing them to do so.[3] (Dkt. No. 16, Attach. 2 ¶¶ 9-13; Dkt. No. 16, Attachs. 5, 6.) Indeed, to date, plaintiffs still have not served their initial disclosures. (Dkt. No. 16, Attach. 2 ¶ 36.)

Second, although defendants served their initial request for production on November 7, 2012, plaintiffs never responded. (Dkt. No. 16, Attachs. 6, 7.) As the December 31, 2012 discovery deadline approached, defendants' counsel placed several telephone calls and emails to plaintiffs' counsel regarding the status of discovery and urged plaintiffs' counsel to seek an extension. (Dkt. No. 16, Attach. 2 ¶ 19; Dkt. No. 16, Attach. 7.) Despite indicating that he was prepared to proceed with discovery and that he would seek an extension from the court, plaintiffs' counsel failed to respond to outstanding discovery requests or seek an extension. (Dkt. No. 16, Attach. 2 ¶ 20; Dkt. No. 16, Attach. 7.) On December 31, 2012, the

---

[3] On September 10, 2012, following a status conference at which all parties were present, the court, by text order, directed that plaintiffs serve their initial disclosures by September 17, 2012. Again, on January 17, 2013, following a second status conference at which all parties were present, the court, by text order, directed that all of plaintiffs' outstanding discovery responses must be filed by February 15, 2013. For a third time, on May 24, 2013, the court, by text order, directed that plaintiffs serve their initial disclosures by May 31, 2013. (Dkt. No. 13.) Finally, on July 8, 2013, the court ordered the plaintiffs to serve their initial disclosures by July 19, 2013. (Dkt. No. 15.)

3

date of the original discovery deadline, (Dkt. No. 9 at 12), defendants' counsel filed a letter requesting an extension and, if necessary, a status conference with the court, (Dkt. No. 10). Following a telephonic status conference on January 17, 2013, at which all parties were present, the court, by text order dated the same day, directed plaintiffs to respond to outstanding discovery requests by February 15, 2013 and extended the discovery deadline to May 31, 2013. (Dkt. No. 16, Attach. 2 ¶ 22.) Plaintiffs nevertheless failed to respond to any outstanding discovery requests, despite several emails, telephone calls, and a letter from defendants' counsel. (*Id.* ¶¶ 22-25; Dkt. No. 16, Attach. 8.)

On May 20, 2013, defendants filed another letter motion requesting a conference. (Dkt. No. 11.) A third telephonic status conference was held on May 24, 2013, at which all parties were present, and after which the court, by text order, directed that plaintiffs serve discovery responses by June 7, 2013 and reset the discovery deadline to July 8, 2013. (Dkt. No. 13.) At this conference, Judge Baxter warned plaintiffs' counsel that, if plaintiffs failed to meet any of the deadlines, defense counsel would be granted leave to file a motion to dismiss for failure to prosecute. (Dkt. No. 16, Attach. 2 ¶ 28.) Nevertheless, plaintiffs again failed to comply. (*Id.* ¶

4

29.) On July 5, 2013, defendants filed a letter motion requesting dismissal of the action or leave to file a motion to dismiss. (Dkt. No. 14.) The court then issued an order directing plaintiffs to serve all responses to outstanding discovery requests by July 19, 2013. (Dkt. No. 15 at 2.) The court also warned that, if plaintiffs failed to comply, defendant would be authorized to move to dismiss the action for failure to prosecute and "**PLAINTIFF[S] WILL BE SUBJECT TO SANCTIONS, INCLUDING DISMISSAL OF HIS ACTION, WITH PREJUDICE**." (*Id.*) After plaintiffs again failed to comply, defendants filed the pending motion, (Dkt. No. 16, Attach. 1), to which plaintiffs did not respond.

In sum, plaintiffs' participation in this action includes: (1) filing the complaint on November 4, 2011, (*see generally* Compl.), (2) appearing at the initial Rule 16 conference on May 3, 2012, (3) and appearing at three telephonic status conferences on September 10, 2012, January 17, 2013, and May 24, 2013. Despite plaintiffs' repeated failure to file initial disclosures and responses to discovery requests, the discovery deadline was extended three times. Further, the court twice warned plaintiffs' counsel that failure to comply with discovery deadlines could result in dismissal.

### III. Standard of Review

As pertinent here, Fed. R. Civ. P. 41(b) permits dismissal of an action upon the motion of a defendant "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." "[D]ismissal for failure to prosecute is a 'harsh remedy to be utilized only in extreme situations.'" *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004) (quoting *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993)).

To determine whether dismissal for failure to prosecute is appropriate, the court must consider the five factors—none of which are dispositive—articulated in *Drake*:

> whether: (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Id.* at 254.

### IV. Discussion

Defendants argue that the complaint should be dismissed for failure to prosecute. (Dkt. No. 16, Attach. 3 at 2-7.) After careful consideration of

6

the *Drake* factors, which decidedly favor dismissal, the court agrees with defendants that dismissal is warranted on the facts of this case.

## A. <u>Involuntary Dismissal</u>

### *1. Duration*

The first factor, which contemplates "whether the failures to prosecute were those of the plaintiff[s]" and whether the failures caused delay of significant duration, favors dismissal. *Drake*, 375 F.3d at 255. Here, solely because of plaintiffs, the discovery deadline was extended three times over the course of seven months. (*Compare* Dkt. No. 9, *with* Dkt. No. 15.) Other than participating in the telephonic status conferences, the docket is absent of any indication that plaintiffs have continued to pursue this litigation. Further, despite responding to some of defendants' emails regarding the status of discovery, there are some emails to which plaintiffs never even responded. (Dkt. No. 16, Attach. 7 at 1; Dkt. No. 16, Attach. 8 at 2, 3.) Accordingly, the delay here, of at least seven months, is significant and weighs in favor of dismissal. *See Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42-43 (2d Cir. 1982) (explaining that dismissal may be warranted "after merely a matter of months or may stretch out over

7

a period of years" (internal citation omitted)); *see also Brown v. Gen. Nutrition Cos., Inc.*, 356 F. App'x 482, 486 (2d Cir. 2009).

2.   *Notice*

The second *Drake* factor also favors dismissal of the complaint. Plaintiffs received notice, by both the Local Rules of Practice and court order, that a failure to prosecute may lead to dismissal.  N.D.N.Y. L.R. 41.2(a); (Dkt. No. 15.)  Local Rule 41.2(a), which provides that "[w]henever it appears that the plaintiff has failed to prosecute an action . . . diligently, the assigned judge shall order it dismissed," was alone sufficient to put plaintiffs on notice of potential dismissal.  *See Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 194 n.7 (2d Cir. 1999); *see also Drake*, 375 F.3d at 256 (endorsing the proposition announced in *Shannon* that "a local rule of procedure may serve as notice that delay leads to dismissal").  Moreover, the court itself warned plaintiffs twice that failure to comply with the discovery deadlines could lead to dismissal for failure to prosecute.  (Dkt. No. 15, Dkt. No. 16, Attach. 2 ¶ 28.)  Accordingly, the fact that plaintiffs were on notice weighs in favor of dismissal.

3.   *Prejudice*

Plaintiffs' delay has prejudiced defendants in this action, satisfying

8

the third factor.  Given plaintiffs' failure to participate in discovery or comply with court-ordered discovery deadlines over the last seven months, for which they have not bothered to offer any excuse, or even respond to this motion, prejudice is presumed.  *See Drake*, 375 F.3d at 256 ("Prejudice may be presumed as a matter of law in certain cases, but the issue turns on the degree to which the delay was lengthy and inexcusable.").

In any event, defendants have suffered actual prejudice because of plaintiffs' delays.  The discovery deadlines, which lapsed on July 19, 2013, passed without plaintiffs' cooperation.  (Dkt. No. 15; Dkt. No. 16, Attach. 2 ¶¶ 36-38.)  The lack of discovery in this case, which relates to conduct that occurred in 2008, (Compl. ¶ 5), "will prejudice [defendants]' ability to defend against this action as the events recede further into the past and evidence becomes more stale."  *U.S. ex rel. Pervez v. Maimonides Med. Ctr.*, No. 06 Civ. 4989, 2010 WL 890236, at *3 (S.D.N.Y. Mar. 9, 2010).  Further, Keller, a party to this action and a key witness, has notified the City of Rome that she will soon resign her position with the City of Rome and move to Florida.  (Dkt. No. 16, Attach. 3 at 5.)  Defendants argue, and the court agrees, that Keller's departure will further prejudice defendants because, once she has moved, the City of Rome "would no longer have

9

control over her schedule, the same level of access to her, or the ability to produce her with ease." (*Id.*)  Accordingly, the fact that defendants have suffered actual prejudice weighs in favor of dismissal.

  *4. Balance Between Calendar Congestion and Opportunity to Be Heard*

While not overwhelmingly so, the fourth *Drake* factor also supports involuntary dismissal.  Initially, the court recognizes that it is of the utmost importance to safeguard plaintiffs' rights and to provide them their day in court.  It is manifestly unjust, however, to subject defendants to ongoing limbo.  The delays have also caused the court to waste valuable resources by conducting numerous telephonic status conferences and issuing orders directing compliance.  (*See, e.g.*, Dkt. Nos. 12, 13, 15.)  Accordingly, the fourth *Drake* factor weighs in favor of dismissal.

  *5. Consideration of Lesser Sanctions*

Finally, it is apparent that lesser sanctions would be futile.  The court has recently spurred plaintiffs to act without any success.  (*See* Dkt. Nos. 12, 13, 15.)  Specifically, plaintiffs were instructed by the court that their failure to comply with discovery deadlines could result in "**SANCTIONS, INCLUDING DISMISSAL . . . WITH PREJUDICE**."  (Dkt. No. 15 at 2.)

10

Moreover, plaintiffs neither responded to this motion nor notified the court of their intention not to respond, further demonstrating the futility of lesser sanctions. *See Smith v. Human Res. Admin. of N.Y.C.*, No. 91 CIV. 2295, 2000 WL 307367, at *3 (S.D.N.Y. Mar. 24, 2000) (finding lesser sanctions inappropriate where "[c]ourt orders and direction [did] not prompt[] plaintiff to move her case forward"). Accordingly, the only suitable sanction is dismissal.

At some point, courts must divest their dockets of actions filed by persistently remiss plaintiffs. For plaintiffs in this case, that time has come. After viewing the record as a whole, and considering the relevant factors, the court deems dismissal the only appropriate sanction.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that defendants' motion to dismiss for failure to prosecute (Dkt. No. 16) is **GRANTED**; and it is further

**ORDERED** that the complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-

11

Decision and Order to the parties.

**IT IS SO ORDERED**.

November 21, 2013
Albany, New York

Gary L. Sharpe
Chief Judge,
U.S. District Court